IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 BANKRUPTCY |
| | ) | |
| TAN BOOKS AND PUBLISHERS, INC., | ) | CASE NO. 05 B 70657 |
| | ) | |
| Debtor. | ) | Judge Manuel Barbosa |

### NOTICE OF FILING

TO:   Attorney Louis W. Levit           Sheree G. Dandurand
       555 Skokie Boulevard              Assistant U.S. Trustee
       Suite 500
       Northbrook, IL 60062

       Attorney Thomas Laughlin
       728 North Court Street
       Rockford, IL 61103

YOU ARE HEREBY NOTIFIED THAT on the 7th day of December, 2005, I filed the attached Objection and Response to Motion of the Unsecured Creditors Committee to Employ Special Copyright Counsel with the United States Bankruptcy Court for the Northern District of Illinois, Western Division, by electronically filing said document with the Office of the Bankruptcy Clerk of the United States Bankruptcy Court, 211 South Court Street, Room 115, Rockford, IL 61101, copies of which are hereby served upon you.

/s/ Tyler A. Moore
TYLER A. MOORE
Attorney for Objector

TYLER A. MOORE
BARRICK, SWITZER, LONG,
BALSLEY & VAN EVERA
Attorneys At Law
6833 Stalter Drive
Rockford, IL 61108
(815) 962-6611

## PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that she served the foregoing Notice of Filing, together with the pleadings referred to therein, upon the parties to whom the Notice is directed, by depositing true and correct copies of said documents in the U.S. Mail at Rockford, Illinois on the 7th day of December, 2005 before 5:00 p.m., via first-class mail with proper postage prepaid.

/s/ Valerie Newton

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 BANKRUPTCY |
| | ) | |
| TAN BOOKS AND PUBLISHERS, INC., | ) | CASE NO. 05 B 70657 |
| | ) | |
| Debtor. | ) | Judge Manuel Barbosa |

## OBJECTION AND RESPONSE TO MOTION OF THE UNSECURED CREDITORS COMMITTEE TO EMPLOY SPECIAL COPYRIGHT COUNSEL

**NOW COMES, GARDNER BROTHERS**, Objector, by and through its Attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP and for its Objection and Response to Motion of the Official Committee of Unsecured Creditors to Employ Special Copyright Counsel, respectfully states as follows:

1. On or about November 30, 2005, the Official Committee of Unsecured Creditors ("Committee") of TAN BOOKS AND PUBLISHERS, INC. ("Debtor") filed its Motion for Approval of Employment of Special Copyright Counsel, a copy of which is attached hereto and made a part hereof as **EXHIBIT A.**

2. The stated purpose for employment of special copyright counsel is, according to the Committee, "an appropriate adversary complaint for declaratory relief" in relation to a dispute between the Debtor and GARDNER BROTHERS. More specifically, special copyright counsel will purportedly be employed to litigate, on behalf of the Debtor, the Debtor's right to publish and distribute a text known as "Divine Intimacy".

3. Curiously, the Motion to employ Special Copyright Counsel has been filed by the Committee and not by the Debtor directly. This, despite the fact that the Committee and its counsel have had no direct communication with GARDNER BROTHERS or any of its representatives regarding the subject matter contained in its Motion and application for Employment of Special Copyright Counsel.

4. GARDNER BROTHERS objects to the employment of special copyright counsel for

several reasons. First, a Committee of Unsecured Creditors appointed under Section 1102 of the Bankruptcy Code is entitled to perform the acts set forth at Section 1103(c) of the Code namely: (i) consulting with the trustee or debtor-in-possession concerning the administration of the case; (ii) investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan; (iii) participating in the formulation of a plan, advise those represented by such committee of such committee's determination as to any plan formulated, and collect and file with the court acceptances or rejections of the plan; (iv) request the appointment of a trustee or examiner under Section 1104 of this title; and (v) perform such other services as are in the interest of those represented.

5. The relief requested by the Motion, and the likely step to be taken by the special counsel for the Creditors' Committee, goes beyond those powers set forth in Section 1103 of the Code. Taking the Committee's Motion as a whole, it appears that it is the desire of the Committee to file, on behalf of the Debtor, a declaratory judgment action seeking to allow Debtor the right to publish a copyrighted work. It is unclear why the Committee, and not the Debtor, seeks to advocate this position.

6. Further, publication of the "Divine Intimacy" in violation of a copyright may subject the Debtor to penalties at the expense of all of its Creditors, even those which are not members of the Committee. Thus, the Committee's actions in seeking to litigate on behalf of the Debtor, and employ special copyright counsel, flies in the face of the fiduciary duty the Committee holds to the Creditors. A creditors' committee and its members have a fiduciary duty to all creditors represented by the committee. In re: Barney's, Inc., 197 B.R. 431 (Bankr.S.D.NY. 1996). Conversely, a creditors' committee and its members owe no duty to the debtor or its estate. Id. citing 11 U.S.C. Section 327(a); 1102(a).

7. GARDNER BROTHERS may, and likely will, become a creditor of this Estate. If the

2

Debtor follows through with this intention to publish the "Divine Intimacy", it will do so in violation of GARDNER BROTHERS' copyright. This will subject the Debtor to a claim from GARDNER BROTHERS, and thus put GARDNER BROTHERS in an adversarial position to not only the Debtor, but the Creditors' Committee who employed copyright counsel with the specific purpose to get the "Divine Intimacy" published. As such the Creditors' Committee would then be adverse to a creditor, and therefore, would be breaching its fiduciary duty.

8.   The Motion sets forth no rationale, justification or reason why the Creditors' Committee should employ special copyright counsel to act on behalf of the Debtor. If the Debtor believes, as fervently as is set forth in the Motion, that it holds the right to publish the "Divine Intimacy", the Debtor should be required to employ its own copyright counsel at its own expense, and proceed at its own risk. The Creditors' Committee, which is charged with the duty to represent all Creditors, should not be allowed to employ copyright counsel to act on behalf of the Debtor to the detriment of another Creditor.

WHEREFORE, GARDNER BROTHERS, respectfully prays that this Court enter an Order denying the Motion of the Committee of Unsecured Creditors to employ Special Copyright Counsel and for such other and further relief as this Court deems equitable and just.

GARDNER BROTHERS, Objector<br>
By_____<br>
TYLER A. MOORE<br>
Attorney for Objector

TYLER A. MOORE
BARRICK, SWITZER, LONG,
BALSLEY & VAN EVERA
Attorneys At Law
6833 Stalter Drive
Rockford, IL 61108
(815) 962-6611

3