UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| TAN BOOKS & PUBLISHERS, INC., ) | Case No. 05-70657 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | Hon. Manuel Barbosa |
| ) | |

### FINAL ORDER APPROVING AND CONFIRMING
### AUCTION SALE OF REAL ESTATE

This matter coming on for final hearing on the Motion (the "Motion") of Fred Caruso, Trustee (the "Trustee") of the Chapter 11 bankruptcy estate (the "Estate") of TAN Books & Publishers, Inc. (the "Debtor") for an Order: (A) Approving Form of Real Estate Sale Contract; (B) Approving Bidding Procedures and Form of Notice; and (C) Scheduling Auction Sale and Hearing to Consider Approval of Highest and Best Bid; due notice of the Motion having been served on all persons and parties entitled thereto; the Court, upon initial presentation of the Motion on September 19, 2007, having entered an order (the "September 19 Order"): (i) approving a form of contract (the "Contract") for the sale of certain real property of the Estate located at 2020 Harrison, Rockford, Illinois (the "Real Estate") to DCGG, LLC (the "Original Bidder"); (ii) approving certain bid procedures (the "Bid Procedures") relating to the auction sale (the "Auction") of the Real Estate, with the Original Bidder being the "stalking horse" at same; (iii) approving notice of the Auction (the "Auction Notice") to be sent to all creditors of the Estate and other parties in interest (collectively, the "Service List") on or before September 20, 2007; (iv) directing that notice of the Auction be published in a newspaper of general circulation in the Rockford, Illinois not less than 10 days prior to the Auction Sale; (v) directing that the Auction be held at the Real Estate on October 10, 2007 at 9 a.m.; (vi) scheduling a hearing (the

4827155 v1

"Final Hearing") on October 17, 2007 at 11:00 a.m. (the "Final Hearing Date") to consider and approve the sale of the Real Estate to the highest and best bidder at the Auction; and (vii) providing that, as set forth in the Auction Notice, objections to the Motion, Auction and/or related sale be filed with this Court and served on certain individuals on or before October 15, 2007 (the "Objection Deadline"); the Auction Notice having been duly and timely sent to the Service List, notice of Auction having been duly and timely published in a newspaper of general circulation in the Rockford, Illinois area, the Auction having been duly conducted on October 10, 2007, no objection to the Motion, Auction or related sale having been made or served on or prior to the Objection Deadline or the Final Hearing Date, and the Court being fully advised in the premises,

THE COURT HEREBY FINDS THAT:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Due and proper notice of the Motion, the Auction and the Final Hearing has been given to all persons and parties entitled thereto and notice of the Auction has been adequately published.

4. The Bid Procedures were and are commercially reasonable, reasonably designed to encourage competitive bidding at the Auction and thereby obtain for the Estate the highest and best price for the Real Estate.

5. The highest and best bidder at the Auction was Rockford Industrial Holdings, L.L.C. (the "Successful Bidder"), which bid $1,500,000.00 (the "Purchase Price") for the Real Estate and, at the conclusion of the Auction, entered into the Contract with the Trustee, modified

2

in accordance with the Bid Procedures and subject to approval of this Court (the "Final Contract").

6. The Internal Revenue Service (the "IRS") and the State of Illinois (the "State") have each agreed that the sale (the "Sale") of the Real Estate to the Successful Bidder pursuant to the Final Contract shall be free and clear of their respective liens, claims and encumbrances, subject to the terms and conditions set forth below in this Order.

7. Sound business reasons exist for the Court to approve the Sale, including, without limitation, the fact that the Trustee currently requires only a fraction of the Real Estate to operate the Debtor's business and, with respect to such requirement, the Sale provides that an adequate portion of the Real Estate be leased back to him for such purpose. In addition, the Sale and the application of its proceeds in accordance with this Order shall significantly reduce the Estate's secured indebtedness and provide a substantial fund for the payment of various Estate expenses.

8. The Purchase Price, being the result of a duly noticed and advertised auction sale at which competitive bidding raised the Original Bidder's offer of $1,350,000 to $1,500,000, represents fair, adequate and reasonably equivalent value for the Real Estate.

9. The Successful Bidder is experienced in real estate transactions, is unrelated to the Debtor and the Trustee and is purchasing the Real Estate in good faith.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

A. The Sale of the Real Estate to the Successful Bidder pursuant to the Final Contract is hereby approved and such Sale shall be free and clear of any and all liens, claims and encumbrances, including, without limitation, the liens and claims of the IRS and the State.

3

B.  The Successful Bidder is purchasing the Real Estate in good faith and is thereby entitled to the protections of Section 363(m) of the Bankruptcy Code.

C.  Upon the closing ("Closing") of the Sale, the net proceeds thereof (the "Net Proceeds", being Sale proceeds net of: closing costs and prorations specified in or relating to the Final Contract; $5,000 to be paid to the State at Closing (the "State Payment"); and the breakup fee described in the Motion, not to exceed $27,000, to be paid to the Original Bidder at Closing) shall be disbursed as follows:

(i)  To the IRS:  Five-Sevenths (5/7ths) of the Net Proceeds (the "IRS Proceeds"); and

(ii)  To the Trustee:  Two-Sevenths (2/7th) of the Net Proceeds (the "Trustee Proceeds")

Notwithstanding anything in this Order to the contrary:

(v)  The IRS Proceeds shall be applied to, and in reduction of, principal indebtedness and interest thereon, and not to penalties or interest on penalties;

(w)  The Creditors' Committee reserves and preserves for further determination of this Court the application by the IRS of any of the IRS Proceeds to tax liabilities arising from improper use of funds withheld from employee's wages or from any other source for which any officer or agent of the Debtor is wholly or partially liable in his or her individual capacity;

(x)  One-half of the Trustee Proceeds shall be free and clear of all liens, claims and encumbrances of the IRS, and may be used by the Trustee in the ordinary course of the Debtor's business and otherwise in accordance with the Bankruptcy Code;

4

(y) One-half of the Trustee Proceeds shall be held by the Trustee in a segregated, interest-bearing account, subject to the lien of IRS, to be disbursed only upon further order of this Court; and

(z) The State Payment shall be applied first to priority claims of the State herein and shall be without prejudice to the right of the Trustee and/or other parties in interest to object to any remaining claim or claims of the State herein.

D. The Court shall retain jurisdiction to resolve any controversy or claim arising out of or relating to the Final Contract, the Sale or this Order.

E. The Court hereby directs the clerk of the Court to promptly enter this Order on the Court's docket, there being no just reason to delay such entry.

Dated: October 17, 2007

ENTER:

_____
UNITED STATES BANKRUPTCY JUDGE

ORDER PREPARED BY:

Richard J. Mason (ARDC# 01787659)
John F. Pollick (ARDC# 03128122)
Michael M. Schmahl (ARDC #06275860)
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
(312) 849-8100
Attorneys for Fred Caruso, Trustee

5