UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In Re:                                     )
                                           )
TAN BOOKS & PUBLISHERS, INC.,              )    Case No. 05-70657
                                           )
         Debtor.                           )    Chapter 11
                                           )    Hon. Manuel Barbosa
                                           )
_____)

### FINAL ORDER APPROVING: (A) SALE OF SUBSTANTIALLY ALL OF DEBTOR'S OPERATING ASSETS, FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; AND (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES AND EXECUTORY CONTRACTS

This matter coming on for final hearing on the Motion (the "Motion") of Fred Caruso, Trustee (the "Trustee") of the Chapter 11 bankruptcy estate (the "Estate") of TAN Books & Publishers, Inc. (the "Debtor") Pursuant to 11 U.S.C. §§ 105, 363, and 365 of Federal Rules of Bankruptcy Procedure 6004 And 6006 for Entry of Orders: (I) Approving Notice, Setting Objection Deadlines and Further Hearing; (II) Approving an Asset Purchase Agreement for the Sale of Substantially All of Debtor's Operating Assets, Free and Clear of Liens, Claims and Encumbrances; (III) Assumption and Assignment of Certain Leases and Executory Contracts; (IV) Approving Such Sale; and (V) Granting Related Relief [Docket #651]; due notice of the Motion having been served on all persons and parties entitled thereto; the Court, upon initial presentation of the Motion on September 3, 2008, having entered an order (the "September 3 Order") [Docket #652]: (i) setting a hearing (the "Sale Hearing") for October 8, 2008 at 11:30 a.m. to consider and approve the sale (the "Sale") of substantially all of the Debtor's operating assets, including, without limitation, the assignment of certain executory contracts and unexpired leases (collectively, the "Assigned Contracts"), to Good Will Publishers, Inc. ("Good Will") and its affiliate, Saint Benedict Press, LLC ("Saint Benedict") (Good Will and Saint Benedict are

6652518 v2

hereinafter jointly referred to as the "Purchaser") pursuant to a certain Asset Purchase Agreement by and between the Trustee and Purchaser, a copy of which was attached to the Motion (as amended by supplements filed herein on October 14, 2008 [Docket #882 and #883] and as further amended on the record at the Sale Hearing, the "APA"); and (ii) approving a form of notice of the Sale (the "Sale Notice") and directing it to be sent to all creditors of the Estate, all counterparties to the Assigned Contracts and other parties in interest (collectively, the "Service List") on or before September 9, 2008, which notice, among other things: (a) included a list of the Assigned Contracts, the counterparties thereto and the proposed cure amounts ("Cure Amounts") thereunder; and (b) required that all objections ("Objections") to the Sale, including the assumption and assignment of the Assigned Contracts and the proposed Cure Amounts, be in writing, filed with this Court and served on counsel for the Trustee on or before September 26, 2008 (the "Objection Deadline"); the Sale Notice having been duly and timely sent to the Service List [Docket #653]; the list of Assigned Contracts having been supplemented (the "Additional Assigned Contracts") as set forth in an amendment to the APA [Docket #883] and the Trustee having filed a motion with this Court on September 22, 2008 for authority to assume and assign the Additional Assigned Contracts to Purchaser (the "Supplemental Assignment Motion") [Docket #671]; one Objection to the Sale having been filed and served on or prior to the Objection Deadline by Marian Therese Horvat and Atila Sinke Guimaraes (the "Guimaraes Objection"); the Sale Hearing having been continued to October 20, 2008 and, on that date, the Court having heard and considered witness testimony and oral argument; the Court having ruled at the Sale Hearing that the Court's proceedings in this case on October 15, 2008 and October 17, 2008 are incorporated into the record on this Motion; the Official Committee of Unsecured Creditors (the "Committee"), although not having filed and served a written objection to the

McGuireWoods LLP    10/24/2008 11:01 AM    PAGE    5/011    Fax Server

Motion by the Objection Deadline, having been permitted to question witnesses and make oral argument at the Sale Hearing; the Committee, at the Sale Hearing, having orally objected to any finding by the Court that the Purchaser was purchasing property of the Estate in good faith, as such term is used in Section 363(m) of the Bankruptcy Code and to the request in the Motion for a waiver of the 10-day stays contained in Federal Rules of Bankruptcy Procedure 6004(g) and 6006(d) (the "Committee's Oral Objection"); and the Court having heard arguments and testimony at the Sale Hearing, having reviewed relevant exhibits and other evidence, and being fully advised in the premises,

THE COURT HEREBY FINDS THAT:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is this Court is proper pursuant to 28 U.S.C. § 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Due and proper notice of the Motion, the Sale and the Sale Hearing has been given to all persons and parties entitled thereto.

5. The Guimaraes Objection is hereby overruled as moot in that: (a) the agreements described in the Guimaraes Objection are not among either the Assigned Contracts or Additional Assigned Contracts sought to be assumed and assigned by the Trustee under the APA or any supplement or amendment thereto; and (b) the Trustee and the Purchaser have agreed that, to the extent the titles described therein are included in the Debtor's inventory, such titles shall be excluded from the Sale.

6. Sound business reasons exist for the Court to approve the Sale, including, without limitation, the fact that: (a) the Trustee has received three offers to purchase the operating assets

3

of the Debtor (the "Sale Assets") over the past year and a half and, of them, the offer of the Purchaser, as expressed in the APA, is the highest and best offer by a substantial amount; (b) the Revised Second Amended Chapter 11 Plan of Reorganization previously proposed by the Committee herein (the "Committee Plan"), which the Committee formally withdrew on October 20, 2008 immediately prior to the Sale Hearing, offered the Sale under the APA as one of two permissible options thereunder; (c) based on unrefuted testimony of the Trustee, who is experienced in business valuations, the purchase price under the APA is adequate, being within the range of values that the Sale Assets would likely sell for under current market conditions; (d) because, among other things: (i) the Debtor's sales are and have been in decline while, at the same time, administrative expenses associated with operating in Chapter 11 have been mounting; (ii) there is currently no proposed Chapter 11 plan pending before this Court because the Committee has now withdrawn the Committee Plan; and (iv) no other plan is currently in prospect, it is unlikely that a sale of the Sale Assets under any future plan would yield a price or other benefits to creditors and the Estate that would be of comparable or greater value than those to be received under the APA; and (e) after pending in this Court for more than three and a half years, it is in the best interests of creditors and the Estate that this Chapter 11 case now move toward final resolution, a goal which the Sale would substantially further.

7. For the reasons set forth in the Motion: (a) the assumption of the Assigned Contracts by the Trustee and the Trustee's assignment of same to the Purchaser are in the best interests of the Estate; and (b) adequate assurance of future performance thereunder by the Purchasers has been shown.

8. The cure amounts under the Assigned Contracts shall be those amounts set forth in the Motion.

4

9. The Purchaser is experienced in the religious publishing business, is unrelated to the Trustee, entered into the APA following arms' length negotiations, is financially capable of performing under the APA, and is purchasing the Sale Assets in good faith and without fraud, collusion or any attempt to take unfair advantage of other bidders or potential bidders for the Sale Assets or of any party in interest. The Committee's Oral Objection is hereby overruled.

10. There is no justification for the Court's waiver of the ten (10) day stay periods set forth in Federal Rules of Bankruptcy Procedure 6004(g) and 6006(d).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

A. The Sale and the terms of the APA are hereby authorized and approved and the Sale shall be free and clear of any and all liens, claims and encumbrances.

B. The Trustee's assumption of the Assigned Contracts and his assignment of same to the Purchaser are hereby authorized and approved.

C. The cure amounts under the Assigned Contracts shall be those amounts set forth in the Motion.

D. The Purchaser is purchasing the Sale Assets in good faith and is thereby entitled to the protections of Section 363(m) of the Bankruptcy Code.

E. The Trustee is authorized and directed to execute such documents and do such acts as are or may be necessary or desirable to carry out the transactions contemplated by this Order.

F. The Trustee is hereby authorized and directed to close the Sale pursuant to the APA.

G. This Order is a final order and effective immediately, subject, however, to the ten (10) day stay periods set forth in Federal Rules of Bankruptcy Procedure 6004(g) and 6006(d).

H. An order with respect to the Supplemental Assignment Motion shall be entered separately and the terms of the Sale shall be subject thereto.

I. The Court shall retain jurisdiction to resolve any controversy or claim arising out of or relating to this Order.

J. The Court hereby directs the clerk of the Court to promptly enter this Order on the Court's docket, there being no just reason to delay such entry.

Dated: October \_\_\_, 2008     OCT 27 2008

ENTER:

_____
UNITED STATES BANKRUPTCY JUDGE

**ORDER PREPARED BY:**

Richard J. Mason (ARDC# 01787659)
John F. Pollick (ARDC# 03128122)
Michael M. Schmahl (ARDC #06275860)
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
(312) 849-8100
Attorneys for Fred Caruso, Trustee