IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAN BOOKS & PUBLISHERS, INC. | ) | Case No. 05-70657 |
| | ) | |
| Debtor. | ) | Hon. Manuel Barbosa |
| | ) | |

## NOTICE OF FINAL FEE APPLICATION

To:   See Attached Service List

     PLEASE TAKE NOTICE that on **Wednesday, December 30, 2009** at the hour of **10: 30 a.m.**, the undersigned shall appear before the Honorable Manuel Barbosa, United States Bankruptcy Judge, or any judge who may be sitting in his stead, Courtroom 115, Federal Building, 211 S. Court Street, Rockford, Illinois, and shall then and there present **FINAL APPLICATION OF HORWICH COLEMAN LEVIN, LLC FOR ALLOWANCE OF COMPENSATION PROVIDED AS ACCOUNTANT FOR THE TRUSTEE DURING THE PERIOD JANUARY 6, 2009 THROUGH SEPTEMBER 24, 2009**, a copy of which is attached hereto and herewith served upon you, at which time you may appear as you see fit.

Dated: December 16, 2009     FRED CARUSO, Trustee for the Chapter 11
                                         Bankruptcy Estate of TAN Books & Publishers, Inc.

                                      By:     /s/ Michael M. Schmahl
                                                         One of His Attorneys

Richard J. Mason (ARDC# 01787659)
John F. Pollick (ARDC# 03128122)
Michael M. Schmahl (ARDC #06275860)
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois  60601
(312) 849-8100
Attorneys for Fred Caruso, Trustee

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused copies of the **NOTICE OF FINAL APPLICATION OF HORWICH COLEMAN LEVIN, LLC FOR ALLOWANCE OF COMPENSATION PROVIDED AS ACCOUNTANT FOR THE TRUSTEE DURING THE PERIOD JANUARY 6, 2009 THROUGH SEPTEMBER 24, 2009**, attached to this Motion as **Exhibit B** to be served upon the persons listed on the attached service list by first class U.S. mail, postage prepaid, this 16th day of December, 2009.

/s/ Michael M. Schmahl<br>
One of His Attorneys

\4273301.4

**SERVICE LIST**

Ronald R. Peterson
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
Facsimile: 312-840-7381

George Hampilos
Schirger, Monteleone & Hampilos, PC
308 West State Street, Suite 210
Rockford, IL 61101
Facsimile: 815-962-6250

Sheree Dandurand
Office of the United States Trustee
District Office
780 Regent Street, Suite 304
Madison, Wisconsin 53715
Facsimile: 608-264-5182

David H. Carter
One Court Place, Suite 401
Rockford, IL 61101
Facsimile: 815-968-9427

Gaston P. Loomis
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Facsimile: 302-778-7575

Arthur E. Rosenberg
Holland & Knight, LLP
195 Broadway
New York, NY 10007
Facsimile: 212-385-9010

Jonathan E. Strouse
Robert J. Labate
Matthew D. Sobolewski
Holland & Knight, LLP
131 South Dearborn Street
Chicago, IL 60603
Facsimile: 312-578-6666

Mayer Y. Silber
Office of the General Counsel
Internal Revenue Service
200 West Adams St., Suite 2300
Chicago, IL 60606
Facsimile: 312-368-8712

Daniel M. Donahue
McGreevy Williams, PC
6735 Vistagreen Way
P.O. Box 2903
Rockford, IL 61132
Facsimile: 815-639-9400

Patricia E. Rademacher
Jennifer M. Bode
Coston & Rademacher
105 W. Adams Street
Suite 1400
Chicago, IL 60603
Facsimile: 312-205-1011

Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208
Facsimile: 478-405-4043

Alisa Mumola
Contrarian Funds, LLC
411 West Putnam Ave., Suite 225
Greenwich, CT 06830
Facsimile: 203-629-1977

Patricia Clotfelder
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
420 N. 20th St.
Birmingham, AL 35203
Facsimile: 205-322-8007

Tyler A. Moore
Barrack, Switzer, Long,
Balsley & Van Evera
6833 Stalter Drive
Rockford, IL 61108
Facsimile: 815-962-0687

Bradley J. Waller
Klein, Stoddard, et al.
2045 Aberdeen Court
Sycamore, Illinois 60178
Facsimile: 815-748-4030

Brian M. Graham
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Facsimile: 312-894-3210

Associate Area Counsel, SB/SE
200 W. Adams Street, Suite 2300
Chicago, IL 60606
Facsimile: 312-368-8712

Fred Caruso
Development Specialists, Inc.
Three First National Plaza
70 West Madison Street, Suite 2300
Chicago, IL 60602
Facsimile: 312-263-1180

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Via U.S. Express Mail/Return Receipt

United States Attorney
219 South Dearborn Street
Chicago, IL 60604
Via Hand Delivery

Dwyer, Virginia
Revocable Trust 1988
8540 Brittani Dr.
Fort Myers, FL 33912-7019

Heidelberg Print Finance
Attn: Print Finance
Box 198332
Bank of America
Atlanta, GA 30349

Ritter, Lawrence G. and Jennie Revocable
Living Trust
13088 Taussig Ave.
Bridgeton, MO 63044-1422

Sayre, Thomas
835 Shenandoah Shores Rd.
Front Royal, VA 22630-6516

LaPietra, Albert
45 Walnut St..
East Rochester, NY 14445-1101

Labelle, Margaret A.
388 Geranium Ave. E
St. Paul, MN 55101-3725

Lammers, James P.
P.O. Box 345
Champlain, NY 12919-0345

Dupont Printing & Publishing
c/o Bob Rivituso
P.O. Box 80030
Wilmington, DE 19880-0030

Madigan, Janet S.
1402 Williams Dr.
Wall Township, NJ 07719-4435

Doris Goebel-Noe
16416-160th Ave.
Rodney, MI 49342

Gomez, Ana Maria
9507 Hemlock Dr. SE
Huntsville, AL 35803-1161

Krause, James R.
3809 Highland Ave.
Skaneateles, NY 13152-9355

Blevins, Georgia K.
Windfield Village
8170 SW Vlahos Dr.
Apt. 106
Wilsonville, OR 97070-6485

2

\4559915.1

LDR
12021 NE Airport Way
Portland, OR 97220-1081

Zirkle, William
d/b/a Circle Ent.
P.O. Box 222051
Chantilly, VA 20153-2051

Nicor
P.O. Box 190
Aurora, IL 60507-0190

Drake, Kenneth W.
East Broad St.
Suite 309
Hazleton, PA 18201

Gartner, Dora
485 Bunker Hill Rd.
Nassau, NY 12123-9424

Metz, Garnita
10310 Village Circle Drive
Apt. 208
Palos Park, IL 60464-3570

Metz, William
10310 Village Circle Drive
Apt. 208
Palos Park, IL 60464-3570

Donald P Shriver
Shriver, O'Neill & Thompson
515 North Court Street
Rockford, IL 61103-6807

Thomas Nelson
5075 Browns Beach Road
Rockford, IL 61103

Thomas Nelson
4230 Harrson Avenue
Rockford, IL 61108

Thomas A. Nelson
315 N. Henrietta Avenue
Rockford, IL 61101

3

\4559915.1

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# (WESTERN DIVISION)

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **TAN BOOKS & PUBLISHERS, INC.** | ) | **Case No. 05-70657** |
| | ) | |
| Debtor. | ) | **Hon. Manuel Barbosa** |
| | ) | |

## COVER SHEET FOR APPLICATION OF HORWICH COLEMAN LEVIN, LLC FOR PROFESSIONAL COMPENSATION FOR ADDITIONAL SERVICES PROVIDED AS ACCOUNTANTS FOR THE TRUSTEE

Name of Applicant:   Horwich Coleman Levin, LLC

Authorized to Provide Professional Services to:   Fred C. Caruso, Ch.11 Trustee

Date of Retention Orders:   March 11, 2009 [Docket No. 1014]
(*nunc pro tunc* to January 6, 2009)

Period for which Compensation is Sought:   January 6, 2009 through
September 24, 2009

Amount of Fees Sought:   $32,935.50

Amount of Expense Reimbursement Sought:   $17.85

This is an:    Interim Application __    Final Application  X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Fees and Expenses Requested | Total Fees and Expenses Allowed |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

Dated December 16, 2009

DSI, Inc., not individually but solely as the Liquidating Trustee of the Liquidating Trust of the above-captioned Debtor.

By: /s/ Michael M. Schmahl
One of his Attorneys

Richard J. Mason, P.C. (ARDC #01787659)
Patricia K. Smoots (ARDC #
Michael M. Schmahl (ARDC #06275860)
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 849-9100

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## (WESTERN DIVISION)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAN BOOKS & PUBLISHERS, INC. | ) | Case No. 05-70657 |
| | ) | |
| Debtor. | ) | Hon. Manuel Barbosa |
| | ) | |

## FINAL APPLICATION OF HORWICH COLEMAN LEVIN, LLC FOR ALLOWANCE OF COMPENSATION PROVIDED AS ACCOUNTANT FOR THE TRUSTEE

DSI, Inc., not individually but solely as the Liquidating Trustee ("DSI") of the Liquidating Trust of the above-captioned debtor (the "Debtor"), through its undersigned counsel, hereby submits this Final Application (the "Application") of Horwich Coleman Levin, LLC ("HCL") for Allowance of Compensation Provided as Accountants for Fred C. Caruso ("Caruso", or the "Trustee"), not individually but solely as the Chapter 7 trustee of the Debtor's bankruptcy estate, during the period from January 6, 2009 through September 24, 2009 (the "Compensation Period") and requests the entry of an order allowing and authorizing payment of compensation (the "Compensation") in the amount of $32,935.50 for services provided by HCL as accountants to the Trustee and reimbursement of expenses (the "Expense Reimbursement") in the amount of $17.85 for expenses incurred by HCL as accountants to the Trustee, and, in support thereof, respectfully states as follows:

### Jurisdiction and Venue

1. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.

3. Venue for these cases and this Application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On February 18, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor was a printer and publisher of religiously-themed materials.

5. From the Petition Date until the Trustee's appointment, the Debtor operated as a debtor and debtor in possession and managed its financial affairs.

6. On December 20, 2006, Caruso was appointed the Trustee herein. Following his appointment, the Trustee operated the business of the Debtor.

7. On October 27, 2008, the Court entered an Order **[Docket No. 989]**[1], following a contested evidentiary hearing, approving the sale (the "Sale") of substantially all of the Debtor's operating assets to Good Will pursuant to the terms a certain asset purchase agreement (the "APA") for an initial cash payment of approximately $1 million (subject to various adjustments) and annual payments (the "Earn Out Payments") for a ten-year period equal to 5% of the gross annual revenues received by Good Will (and certain of its affiliates) from future sales of certain titles that were formerly in the Debtor's catalog and that are identified in the APA.

8. On November 9, 2008, the Sale closed and the Trustee received the initial payment of approximately $1 million. This payment was subject to certain adjustments at and after closing.

---

[1] In conjunction with the sale, on October 27, 2008, the Court entered a separate Order **[Docket No. 991]** approving the assumption and assignment of certain executory contracts and/or unexpired leases to Good Will as required by the APA.

2

\4559915.1

9. On March 2, 2009, the Trustee filed a liquidating plan **[Docket No. 1007]** (the "Plan").

10. On June 1, 2009, the Court entered an Order **[Docket No. 1231]** confirming the Plan.

11. The Plan generally provides (i) that the Trustee would make certain initial distributions to creditors with allowed claims; (ii) for the liquidation of the Debtor's remaining assets, including but not limited to the Earn Out Payments, through the Liquidating Trust, a grantor trust created pursuant to the Plan; and (iii) for future distributions by the Liquidating Trustee.[2] Pursuant to the Plan, DSI has been appointed the Liquidating Trustee.

12. On October 22, 2009, the Plan became effective **[Docket No. 1266]**.

13. As a grantor trust, the Liquidating Trust is not expected to be a taxable entity under applicable tax law. Rather any tax consequences of the liquidation of the Liquidating Trust's assets will likely fall directly to the beneficiaries of the trust.

14. Due to the fact that the Earn Out Payments come due annually through 2018, the Earn Out Payments would generally be treated as installment payments under applicable tax law. This is generally known as the installment sale method. As such, each Earn Out Payment would normally generate taxable income for the trust beneficiaries in the year in which each Earn Out Payment is actually received.

---

[2] Any descriptions, summaries, or characterizations of the Plan, any of its provisions, or the Liquidating Trust in this Application are solely intended to be summary in nature and are designed to provide relevant background for the consideration of the Application. Nothing herein is intended to modify the Plan, or the liquidating trust agreement submitted therewith and any discrepancies, disagreements, or conflicts between statements in this Application and those documents is entirely unintentional and should not be understood or construed as a complete summary of or a modification or clarification of the Plan or the liquidating trust agreement, each of which speak for themselves.

3

\4559915.1

15. In an effort to minimize the impact of any tax liability on the beneficiaries of the liquidating trust, the Trustee opted out of the installment sale method in the Debtor's 2008 tax return in an attempt to force the Debtor's estate to recognize the value of all Earn Out Payments in 2008, while the Debtor retained the benefit of certain net operating losses previously generated through the Debtor's operations.

16. In order to accomplish this, the Trustee was required to obtain a valuation of all future Earn Out Payments as of the November 2008 close of the sale to Good Will.

17. On March 11, 2009, the Court entered an order **[Docket No. 1014]** authorizing the Trustee to retain HCL as his accountants in order to prepare the Debtors' 2008 tax returns and to perform various additional services as requested by the Trustee related to the Plan and the Liquidating Trust, including, but not limited to, the valuation of the Earn Out Payments. Additionally, the Court approved HCL's retention *nunc pro tunc* to January 6, 2009, and the payment by the Trustee to HCL of a $15,000 retainer.

18. During the Compensation Period, the Trustee requested that HCL (i) assist the Trustee in analyzing various tax issues related to the Plan and Liquidating Trust, including a review of relevant portions of the disclosure statement, and (ii) prepare the Debtor's 2008 tax returns, including the valuation of the Earn Out Payments. .

### Relief Requested

19. Through this Application, HCL seeks the entry of an order, pursuant to sections 330 and 331 of the Bankruptcy Code, approving and authorizing payment of the Compensation in the amount of $32,935.50 and the Expense Reimbursement in the amount of $17.85 incurred representing the Trustee during the Compensation Period. A detailed abstract containing specific

summaries of all of the services provided by HCL, including all fees charged, is attached hereto as Exhibit A.

20. The normal hourly rates[3] charged by the professionals and paraprofessionals of HCL for the period covered by this application are as follows:

| Name | Title | Total Hours | Rate ($/hour) | Total Value |
|---|---|---|---|---|
| Lawrence A. Horwich | Member | 41.60 | $325 (1/1/09-) | $13,520.00 |
| Richard Tworek | Member | 42.10 | $325 | $13,682.50 |
| Jerome Lipman | Member | 1.00 | $325 | $325.00 |
| Dan Pastron | Member | 4.70 | $275 | $1,292.50 |
| Maryann Svetlecic | Manager | 23.30 | $175 | $4,077.50 |
| Sue Pasquale | Staff | 0.10 | $160 | $16.00 |
| Mitchell Loewenthal-Grassini | Associate | 0.20 | $110 | $22.00 |
| **Total** | | **113.00** | | **$32,935.50** |

21. The blended rate of professionals and paraprofessionals representing the Trustee in this case is approximately $291.46.

### Nature of Services Performed by HCL

22. All services performed by HCL for which compensation is being sought were performed for and on behalf of the Trustee.

---

[3] HCL periodically adjusts the normal hourly rates for its attorneys and paraprofessionals in the ordinary course of its business.

5

\4559915.1

23. This Application has been prepared with the intention of complying with the applicable standards set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rule of Bankruptcy Procedure 5082-1.

24. It is the Trustee's understanding that none of the payments received by HCL will be shared with any other party, nor are these payments subject to any sharing arrangement between HCL and any third party.

25. In accordance with section 330 of the Bankruptcy Code, HCL has represented to the Trustee that the amount of fees is fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

26. For the Compensation Period, HCL provided the services to the Trustee. The services HCL performed during the Compensation Period are described in detail in the itemized statement attached hereto and made a part hereof as Exhibit A. Although certain time entries may reflect meetings between certain professionals and paraprofessionals at HCL, only one timekeeper at HCL has billed for such meetings.

27. A general summary of the services provided by HCL to the Trustee during the Compensation Period, includes but is not limited to:

    (a) <u>Retention</u>: During the Compensation Period, HCL performed a detailed conflicts check as required by the Bankruptcy Code, prepared an engagement letter setting forth the terms of HCL's retention by the Trustee, and conducted certain initial discussions with the Trustee or his representatives to plan the services requested by the Trustee.     **$1,040.00**

6

\4559915.1

(b) <u>Plan/Liquidating Trust Issues</u>: During the Compensation Period, HCL provided significant services to the Trustee related to (i) preparing a memorandum for the Trustee related to certain tax issues related to the formulation of the Plan and the Liquidating Trust; (ii) evaluating the tax treatment of the Earn Out Payments; and (iii) reviewing and commenting on the portions of the disclosure statement related to tax issues.   **$11,147.50**

(c) <u>Tax Return Preparation</u>: During the Compensation Period, HCL provided significant services to the Trustee related to the Debtor's 2008 tax returns, including: (i) analyzing the tax options related to the Earn Out Payments; (ii) valuing the Earn Out Payments; (iii) analyzing the Debtor's available net operating losses; (iv) and preparing the Debtor's 2008 federal and state tax returns. **$20,748.00**

28. All of the services summarized above were reasonably necessary in order that the interest of the estate and its creditors be adequately represented and defended and to maximize the recovery to the estate and its creditors.

29. Additionally, HCL seeks reimbursement for the Expense Reimbursement in the amount of $17.85 for costs and expenses actually incurred by HCL in its representation of the Trustee. The Expense Reimbursement includes actual expenses for the use of messenger or overnight mail delivery services totaling $17.85.

## Computation of Compensation

30. The services performed by HCL during the Compensation Period required a total time expenditure of 113.00 hours on the part of the professionals and paraprofessional of HCL. The services for which HCL is seeking compensation are set forth with particularity in Exhibit A. Based on the nature, extent and value of the services for which HCL is seeking

7

\4559915.1

compensation, the time spent on such services and the cost of comparable services other than in a case under the Bankruptcy Code, such services have a value of not less than $32,935.50.

## Notice

31. Sections 330 and 331 of the Bankruptcy Code require notice and a hearing before any action on this Application. The Liquidating Trust has mailed a copy of the notice (the "Notice") of this Application to (i) the creditors on the list of the twenty largest creditors of the Debtor, (ii) the United States Trustee, and (iii) those parties who have requested receipt of pleadings in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002. A copy of the Notice is attached hereto as Exhibit B. Since the foregoing parties have been the most active in these cases, the Liquidating Trust requests that the Court determine that such notice is adequate and appropriate under the circumstances. Additionally, a complete copy of this application with all supporting exhibits has been served electronically on all parties receiving electronic notices from the Court pursuant to the Court's electronic filing system (a/k/a ECF). McGuireWoods will make copies of this Application and all supporting documentation available to any party in interest that submits a written request to Michael M. Schmahl via regular mail at McGuireWoods LLP, 77 W. Wacker Drive, Suite 4100, Chicago, IL 60601; via facsimile at (312) 920-6598; or via electronic mail at mschmahl@mcguirewoods.com.

32. Additionally, the Trustee requests that the Court shorten notice as needed to permit this Application to be heard on December 30, 2009, at 10:30 A.M.

WHEREFORE, the Liquidating Trust prays this Court enter an order allowing HCL Compensation of $32,935.50 as payment for accounting fees; approving the Expense Reimbursement in the amount of $17.85; approving the form and manner of notice provided to creditors and other parties in interest; shortening notice; and granting such further relief as the Court deems just and appropriate.

December 16, 2009

/s/ Michael M. Schmahl
One of the Attorneys for the Trustee

Richard J. Mason, P.C. (ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
Michael M. Schmahl (ARDC #06275860)
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 849-9100
*Counsel to Richard J. Mason, Trustee*

9

\4559915.1